UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                          CASE NO: 2:15-cr-4-FtM-38CM

TRAVIS RIDDLE
_____

**ORDER**[1]

This matter comes before the Court on Defendant Travis Riddle's Motion to Strike Government's Guideline Objection (Doc. #71) filed on January 29, 2016.  In response, the Government filed a Notice of Compliance (Doc. #73) on February 1, 2016, to which Defendant filed a Reply to Government's Notice of Compliance (Doc. #74) on February 3, 2016.  This matter is ripe for review.

On September 29, 2015, Defendant pled guilty to attempting to import dimethyltryptamine ("DMT") and possessing with the intent to distribute DMT within 1,000 feet of a playground.  (Doc. #23; Doc. #47).  Four days later, the Court set a sentencing hearing for January 11, 2016 (Doc. #55), which it rescheduled to January 19, 2016 (Doc. #57).  In accordance with Federal Rule of Criminal Procedure 32(e)(2), the United States Probation Office filed a Presentence Report ("PSR")[2] on December 15, 2015.  (Doc. #59). The PSR provided a base offense level of 28 under the United States Sentencing

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] The United States Probation Office officer initially filed a Presentence Report (Doc. #58) on December 14, 2016, which was superseded by the Amended Presentence Report (Doc. #59) filed the next day.

Guidelines ("Guidelines"). The Government did not object to this offense calculation, but Defendant did. (Doc. #64 at 30). Among other grounds, Defendant objected to how the probation officer calculated the drug quantity level. Specifically, the probation officer based the drug quantity level on the total weight of the Mimosa Hostillas root bark powder for which Defendant imported, and not the lesser amount of DMT that is extracted from the powder. (Doc. #64 at 36-37). In making his objection, Defendant relied on a Drug Enforcement Administration ("DEA") report that determined the process of extracting DMT from Mimosa Hostillas root bark yields approximately one percent (1%) of DMT from the plant. (Doc. #64 at 33).

Before the sentencing hearing, the Probation Office filed a final PSR. (Doc. #64); *see* Fed. R. Crim. P. 32(g). Based solely on the DEA's report, this PSR provided a base level offense of 12. The probation officer estimated a yield of 75 grams of DMT extracted from the 7.5 kilograms of the Mimosa Hostillas root bark powder that Defendant imported. Converting the 75 grams of DMT to its marijuana equivalency resulted in 7.5 kilograms of marijuana and a base offense level of 12. (Doc. #64 at 9-10); *see also* U.S.S.G. § 2D1.1. Neither the Government nor Defendant filed written objections to the final PSR prior to the sentencing hearing.

At the sentencing hearing, however, the Government objected to this base offense level. The Court questioned the Government's tactic of waiting until the hearing to raise this issue and not, at a minimum, alerting the Court or Defendant beforehand. Nevertheless, the Court allowed the Government additional time to file written objections because calculating the drug quantity level for DMT is a case of first impression in this district. *See* M.D. Fla. R. 4.12(e). In giving the Government additional time, the

2

undersigned stated, "I'll give you seven days, until next week, Tuesday to file.  That would be the 26th."

Notwithstanding the Court's explicit deadline, the Government filed its Sentencing Memorandum (Doc. #70) on January 27, 2016, which prompted Defendant to file the instant motion to strike (Doc. #71).  Defendant argues the Government's Sentencing Memorandum is untimely, and the Court agrees.  The undersigned ordered a date certain of January 26, 2016, and the Government did not follow this direction.

But even granting the Government the benefit of the doubt and assuming this explicit deadline went unheard, the filing was still due on January 26th.  The Court gave the Government seven (7) days to submit its written objections.  Rule 45 of the Federal Rules of Criminal Procedures applies to computing time, and it states:

> [w]hen the period is stated in days or a longer unit of time:
>
> (A) exclude the day of the event that triggers the period;
>
> (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
>
> (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

Fed. R. Crim. P. 45(a)(1).  The sentencing hearing was held on January 19, 2016; therefore, using Rule 45, seven days past that is still January 26th.  The computation is as follows:

- January 20th = Day 1;
- January 21st = Day 2;
- January 22nd = Day 3;

3

- January 23rd = Day 4;
- January 24th = Day 5;
- January 25th = Day 6;
- January 26th = Day 7.

The Court, therefore, grants Defendant's Motion to Strike.

Accordingly, it is now

**ORDERED:**

(1) Defendant Travis Riddle's Motion to Strike Government's Guideline Objection (Doc. #71) is **GRANTED**.

(2) The Clerk of Court is directed to **STRIKE** the Government's Sentencing Memorandum (Doc. #70) as untimely.

**DONE AND ORDERED** at Fort Myers, Florida, this February 12, 2016.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

4